CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

July 20, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DEONTRE ANTHONY THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:25-cv-00523 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| KIMBERLY SOUTTER, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) | United States District Judge |
| Defendants. | ) | |

Plaintiff Deontre Anthony Thomas, a Virginia inmate proceeding *pro se*, filed this action

under 42 U.S.C. § 1983 against Defendants Kimberly Soutter, S. Ruiz, J. Mullins, Melvin Davis,

and D. Padlo. (*See* Am. Compl. [ECF No. 6].) This matter is before the court on Soutter, Ruiz,

Mullins, and Davis's (the "Moving Defendants") motion to dismiss (ECF No. 22), Thomas's

motion for leave to file a second amended complaint (ECF No.31), Thomas's motion for

extension of time to respond to the motion to dismiss (ECF No. 33), and Thomas's motion

for default judgment against Padlo. (ECF No. 35.) For the following reasons, Thomas's

motion for leave will be granted, the Moving Defendants' motion to dismiss will be denied as

moot without prejudice, Thomas's motion for extension will be denied as moot, and Thomas's

motion for default judgment will be denied. The court will also dismiss Thomas's claims

against the Virginia Department of Corrections ("VDOC") under 28 U.S.C. § 1915A(b)(1).

## I.   BACKGROUND

This matter stems from events that allegedly occurred while Thomas was incarcerated

at the Coffeewood Correctional Center ("the prison") in Mitchells, Virginia. (*See* Am. Compl.

at 1–2.) Defendants are employees of the VDOC and hold various positions at the prison. (*See*

*id.*) In his amended complaint, Thomas broadly alleges that Defendants denied him access to

legal mail, his attorney, and the courts, and retaliated against him for exercising his legal rights. (*See id.* at 3–9.)

On July 29, 2025, Thomas executed his original complaint. (ECF No. 1 at 7). Thomas then executed an amended complaint (ECF No. 6 at 9), which is the currently operative pleading. After the amended complaint was docketed, the court ordered the Clerk to attempt service of process on Defendants. (ECF No. 15.) The Moving Defendants each executed a waiver of service (ECF No. 18) and Padlo was served with process. (*See* ECF No. 30.) But, to date, Padlo has not filed a responsive pleading or entered an appearance in this matter. Thomas has filed a motion for default judgment against Padlo (ECF No. 35), which remains pending.

On January 2, 2026, the Moving Defendants filed their motion to dismiss. (ECF No. 22.)  Thomas moved for an extension of time to respond to the motion to dismiss (ECF No. 28 at 1), which the court granted (ECF No. 29). On February 20, 2026, Thomas executed his opposition to the motion to dismiss. (ECF No. 32 at 2.) On March 3, 2026, Thomas executed a second motion for extension of time to respond to the motion to dismiss (ECF No. 33 at 1), which remains pending.[1] The Moving Defendants did not file a reply, and the motion to dismiss is ripe for disposition.

On February 20, 2026, Thomas executed his motion for leave (ECF No. 31 at 1) and attached a copy of his proposed second amended complaint. (ECF No. 31-1.) The Moving Defendants filed a response in opposition (ECF No. 34), Thomas filed a reply (ECF No. 36), and the motion for leave is ripe for disposition.

---

[1] Pursuant to the court's prior order, Thomas's response to the motion to dismiss was due on or before February 24, 2026. (ECF No. 29.) In his second motion for extension, Thomas claims that certain issues at the prison prevented him from timely filing his response. (*See* ECF No. 33.) Because Thomas executed his response before the February 24, 2026 deadline to do so had expired, his pending motion for extension will be denied as moot.

## II.    ANALYSIS

The court will address Thomas's motion for leave before addressing the other pending motions.

### A. Motion to Amend

The Federal Rules of Civil Procedure permit a party to amend his or her pleading once a matter of course 21 days after serving it or, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend his or her pleading only with the opposing party's written consent or with the court's leave. Fed. R. Civ. P. 15(a)(2). Thomas has already amended his complaint once as a matter of course (*see* ECF No. 6), and the Moving Defendants do not consent to the filing of his proposed second amended complaint. (*See* ECF No. 34.). Accordingly, Thomas may only further amend his complaint with the court's leave.

Rule 15 requires courts to "freely give leave [to amend a party's pleadings] when justice so requires," Fed. R. Civ. P. 15(a)(2), and the Fourth Circuit has instructed district courts "to liberally allow amendment," *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2020). Leave to amend is properly denied if "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Hart v. Hanover Cnty. Sch. Bd.*, 495 F. App'x 314, 315 (4th Cir. 2012) (per curiam) (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)). A proposed amendment is futile if it "is clearly insufficient or frivolous on its face," *Johnson*, 785 F.2d at 510, or "if the claim it presents would not survive a motion to dismiss," *Save Our Sound OBX, Inc. v. N.C. Dep't of Transp.*, 914 F.3d 213, 228 (4th Cir. 2019).

In opposing the motion for leave, the Moving Defendants make what the court construes as three arguments. First, the Moving Defendants oppose amendment on the grounds that Thomas's proposed second amended complaint "merely reorganizes, recites, and requests to add some language to his claims from the operative complaint." (ECF No. 34 at 3.) Second, the Moving Defendants argue that amendment is futile because "the few additions" Thomas includes in his proposed second amended complaint "still fail to state a cause of action." (*Id.* at 4.) Third, the Moving Defendants argue that, in moving to amend, Thomas is "attempting to circumvent [the Moving Defendants'] motion to dismiss in a dilatory fashion." (*Id.*) The court is not persuaded by any of these arguments.

First, Thomas's proposed second amended complaint appears to add new factual allegations against the Moving Defendants. (*See*, *e.g.*, ECF No. 31-1 at 10–11 (detailing what appears to be new factual allegations against Soutter in support of a denial-of-access-to-the-courts claim).) Thus, the court cannot agree with the Moving Defendants that Thomas "has not made any additional claims or relayed additional facts regarding the claims or causes of action" (ECF No. 34 at 3) in his proposed amended pleading.[2]

Second, apart from broadly claiming that Thomas's new allegations in his proposed second amended complaint "still fail to state a cause of action," the Moving Defendants do not address the allegations. (*See* ECF No. 34.) Without more, the court cannot say that any new allegations fail to state a claim against the Moving Defendants. And to the extent the Moving Defendants argue that the proposed second amended complaint, as a whole, is futile, the court does not see how it could make such a determination at this juncture. As noted,

---

[2] Although somewhat vaguely, Thomas appears to add the VDOC as a Defendant. (*See* ECF No. 31-1 at 1.) The court addresses the propriety of Thomas's attempt to raise claims against the VDOC below.

Padlo has not filed a responsive pleading or entered his appearance in this matter. And upon review, the bulk of Thomas's allegations—both in his currently operative pleading and his proposed second amended complaint—are made against Padlo. (*See* ECF Nos. 6, 31-1.) Moreover, Thomas's claims against Padlo are not subject to dismissal under the screening authority granted to the court under 28 U.S.C. § 1915A.[3] And to the extent the Moving Defendants argue that Thomas's claims against Padlo should be dismissed, they cannot make such an argument. *See Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("[A] litigant must assert his or her own legal rights and interests").

Third, to the extent the motion for leave could be construed as an attempt to circumvent the motion to dismiss, there are alternative ways for the court to address the issue without denying Thomas's motion. For one, the court will make it clear that **no further motions to amend from Thomas will be considered**. Moreover, Thomas is **hereby notified** that if any Defendant moves to dismiss his second amended complaint, the proper course of action is for him to **file a written response** to such a motion instead of moving to further amend his pleading.

For these reasons, the court rejects the Moving Defendants' arguments in opposition to Thomas's motion for leave. And cognizant of its obligation "to liberally allow amendment," *Galustian*, 591 F.3d at 729, as well as Thomas's *pro se* status, the court will grant Thomas's motion for leave, subject to the conditions outlined above.[4]

---

[3] Indeed, the fact that the court previously ordered service of process to be attempted on Padlo (*see* ECF No. 15) indicates that Thomas's claims against Padlo already survived screening under § 1915A.

[4] Because it will grant the motion for leave—and because Thomas's proposed second amended complaint appears to raise new factual allegations against the Moving Defendants—the court will deny as moot the motion to dismiss without prejudice. *See Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) ("[A]n amended complaint supersedes those that came before it").

**B. The VDOC**

As discussed, Thomas, through his proposed second amended complaint, appears to add the VDOC as a Defendant. (*See* ECF No. 31-1 at 1.) Accordingly, the court will analyze whether Thomas has stated claims against the VDOC under 28 U.S.C. § 1915A's screening authority.

Before or soon after docketing, the court must review the complaint in any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Following its review, the court must dismiss the complaint, or any portion thereof, that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id.* § 1915A(b). In assessing whether a prisoner complaint fails to state a claim for purposes of § 1915A, the court applies the same standard as under Federal Rule of Civil Procedure 12(b)(6). *See Fields v. Fed. Bureau of Prisons*, 109 F.4th 264, 267(4th Cir. 2024) (citations omitted), *rev'd on other grounds*, 606 U.S. 942 (2025). The court therefore accepts all well-pleaded factual allegations as true and draws all reasonable inferences in Thomas's favor and asks whether those allegations state a plausible claim for relief. *See id.*; *Hodges v. Meletis*, 109 F.4th 252, 259 (4th Cir. 2024) (citations omitted).

Thomas's claim(s) against the VDOC must fail. "As a state agency or arm of the Commonwealth of Virginia, the VDOC is not a 'person' within the meaning of § 1983." *Ratliff v. Va. Dep't of Corr.*, No. 7:25-cv-00205, 2025 WL 2940781, at *2 (W.D. Va. Oct. 16, 2025) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989)). Accordingly, Thomas's claim(s) against the VDOC will be dismissed.

**C. Motion for Default Judgment**

Thomas moves for entry of default judgment against Padlo. (ECF No. 35.) Under Federal Rule of Civil Procedure 55, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The plaintiff must first move for a clerk's entry of default under Rule 55(a), which "provides notice to the defaulting party," before moving for a default judgment under Rule 55(b). *Shelton v. Marshall*, 724 F. Supp. 3d 532, 540 (W.D. Va. 2024) (quoting *Hummel v. Hall*, 868 F. Supp. 2d 543, 547 (W.D. Va. 2012)).

Thomas did not apply for a clerk's entry of default under Rule 55(a) before moving for default judgment under Rule 55(b). Courts within this circuit have found that failing to first seek a clerk's entry of default is a sufficient procedural basis to deny a motion for default judgment. *See, e.g., Worthington v. Rice*, No. 3:16-CV-00061, 2016 WL 9331275, at *1 (N.D.W. Va. Aug. 19, 2016) (denying motion for default judgment without prejudice because plaintiff failed to apply for entry of default before moving for default judgment); *Green v. Sanchez*, No. 2:21-CV-01376, 2022 WL 2785848, at *1 (D.S.C. June 22, 2022) (denying plaintiff's motion for default judgment as premature "because a default has not been entered pursuant to Fed. R. Civ. P. 55(a)"); *see also Eagle Fire, Inc. v. Eagle Integrated Controls, Inc.*, No. 3:06-cv-00264, 2006 WL 1720681, at *5 (E.D. Va. June 20, 2006) ("Before a plaintiff can move for default judgment, the clerk or the court must enter default." (citing Fed. R. Civ. P. 55)). Consistent with these cases, the court finds that Thomas's failure to first seek an entry of default from the Clerk provides sufficient grounds to deny his motion for default judgment.

### III.    CONCLUSION

For the reasons stated above, the court will deny as moot Thomas's motion for extension, grant Thomas's motion for leave, deny as moot without prejudice the Moving Defendants' motion to dismiss, and deny Thomas's motion for default judgment. The court will also dismiss Thomas's claim(s) against the VDOC under 28 U.S.C. § 1915A's screening authority.

The Clerk is directed to forward a copy of this Memorandum Opinion and the accompanying Order to the parties.

**ENTERED** this 20th day of July, 2026.

/s/ Thomas T. Cullen
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE